**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CAROLYN JULETTE CURRY,

        Petitioner,               CASE NO. 07-CV-14695

-vs-                                  PAUL D. BORMAN
                                   UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

        Respondent.
_____/

**OPINION AND ORDER
HOLDING IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Carolyn Julette Curry's ("Petitioner") motion asking this Court to hold her petition for writ of habeas corpus in abeyance until she has had an opportunity to comply with the exhaustion requirements of 28 U.S.C. § 2254. Petitioner, acting in *pro per*, filed her petition for a writ of habeas corpus with this Court on November 1, 2007. She is currently incarcerated at the Robert Scott Correctional Facility in Plymouth, Michigan, pursuant to convictions for (1) first-degree premeditated murder; (2) carrying a concealed weapon; and (3) possession of a firearm during the commission of a felony.

In her motion, Petitioner contends that she has failed to exhaust her state-court remedies, including, among other things, the fact that she was deprived of her right to an appeal as of right by appellate counsel's failure to file a timely notice of appeal.

On that basis, since Petitioner has failed to exhaust her state court remedies, the Court HOLDS IN ABEYANCE the petition so that Petitioner may return to state court to exhaust those claims.

**I.     BACKGROUND**

Following a trial with a jury in Saginaw County Circuit Court, Petitioner was convicted of the above-stated crimes and was sentenced by the trial court to life imprisonment without parole for the murder conviction, four to seven years imprisonment for the carrying a concealed weapon conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner was denied her appeal as of right because appellate counsel failed to file a timely appeal with the Michigan Court of Appeals.

Petitioner filed two post-conviction motions with the trial court: (1) a motion for a new trial, dated June 9, 2003, and (2) a motion for relief from judgment, dated March 23, 2004. The trial court denied both motions.

On June 6, 2004, Petitioner filed a delayed application for leave to appeal the denial of her motion for relief from judgment in the Michigan Court of Appeals. On December 16, 2004, the Michigan Court of Appeals denied leave, but allowed Petitioner to file another motion under Mich. Ct. R. 6.500 in the Saginaw County Circuit Court. *People v. Curry*, No. 256030 (Mich. Ct. App. Dec. 16, 2004).

The trial court denied her second motion for relief from judgment.

On September 6, 2005, Petitioner filed a delayed application for leave to appeal. On March 9, 2006, the Michigan Court of Appeals denied the application pursuant to Mich. Ct. R. 6.508(D). *People v. Curry*, No. 264907 (Mich. Ct. App. Mar. 9, 2006). On October 31, 2006, the Michigan Supreme Court denied leave. *People v. Curry*, 477 Mich. 907 (2006).

Petitioner filed the pending petition for writ of habeas corpus on the following grounds:

> I. Petitioner was deprived of her Sixth and Fourteenth Amendment rights to the effective assistance of counsel and the right to present a defense when defense counsel failed to investigate and produce known and available alibi witnesses,

2

> failed to investigate the technical possibility of the alleged three-way telephone call linking Petitioner to the shooting, and appellate counsel failed to file a timely appeal as of right.
>
> II. Petitioner was deprived of her Sixth and Fourteenth Amendment rights where the conviction for conspiracy was not proven beyond a reasonable doubt and appellate counsel failed to file a timely appeal as of right.

Petitioner's instant motion requests that the Court stay the petition so that she can return to state court to exhaust the above-stated claims.

## II. ANALYSIS

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' her claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see Prather v. Reese*, 822 F.2d 1418, 1420 ("Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

3

The Michigan Court Rules provide a process through which Petitioner may raise her unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on Petitioner's claim.

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). The Sixth Circuit has advised that it is preferable for a district court to hold further proceedings on a habeas corpus petition in abeyance pending exhaustion, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Having considered the matter, the Court finds that it is appropriate to stay this case as requested. A federal district court has discretion in "limited circumstances" to stay a habeas action to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. at 274-75. Stay and abeyance is only appropriate when a district court determines that the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277

In this case, Petitioner has shown the need for a stay. Petitioner's unexhausted claims

4

should be addressed to, and considered by, the state courts in the first instance in order to determine whether those claims have merit.

Furthermore, the claims that Petitioner seeks to exhaust in the state courts do not appear to be "plainly meritless." Petitioner will assert that she did not previously raise those claims in the state courts due to the ineffective assistance of appellate counsel. Lastly, there is no indication of intentional delay by Petitioner. Accordingly, the Court concludes that it has discretion to stay this case pending Petitioner's return to the state courts to fully exhaust her habeas claims.

Thus, the Court holds the petition in abeyance until Petitioner has exhausted available state-court remedies. To ensure that Petitioner does not delay in exhausting her state-court remedies, the Court imposes upon Petitioner time limits within which she must proceed. Petitioner must present her claims in state court within sixty (60) days from the date of this Order. Further, she must ask this Court to lift the stay within sixty (60) days of exhausting her state-court remedies. "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002) (internal quotation omitted).

### III. CONCLUSION

Accordingly, the Court **HOLDS IN ABEYANCE** further proceedings in this case pending exhaustion of state-court remedies.

The case shall be held in abeyance provided that: (1) Petitioner presents her unexhausted claims to the state court within sixty (60) days from the date of this order; and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state-

court remedies.

Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**SO ORDERED.**

                                  s/Paul D. Borman
                                  PAUL D. BORMAN
                                  UNITED STATES DISTRICT JUDGE

Dated: January 3, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 3, 2008.

                                  s/Denise Goodine
                                  Case Manager