UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CAROLYN JULETTE CURRY,

           Petitioner,

v.                                            Case Number: 07-CV-14695
                                                      Honorable Paul D. Borman

CLARICE STOVALL,

           Respondent.
_____/

**OPINION AND ORDER
DENYING RESPONDENT'S MOTION TO DISMISS AND ORDERING RESPONDENT
TO ANSWER PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Carolyn Julette Curry, a state inmate currently confined at the Robert Scott Correctional Facility in Plymouth, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her convictions for (1) first-degree murder, MICH. COMP. LAWS § 750.316, (2) conspiracy to commit murder, MICH. COMP. LAWS § 750.316, (3) carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and, (4) felony firearm, MICH. COMP. LAWS §750.227BA.  (Dkt. # 1.)  Then, on December 26, 2007, Petitioner filed a motion requesting that this Court stay her case so that she could return to state court to exhaust certain unexhausted claims.  (Dkt. # 5.)  On January 3, 2008, the Court issued an order staying the petition and administratively closing the case, so that Petitioner could return to state court to exhaust those unexhausted claims.  (Dkt. # 6.)  Petitioner complied with the Court's order, and therefore, on March 10, 2008, the Court lifted the stay and ordered Respondent to answer Petitioner's petition.  (Dkt. # 9.)

However, Respondent has not filed an answer to Petitioner's petition but rather has filed a motion to dismiss, arguing that Petitioner filed her petition outside of the statute of limitations period, as outlined in 28 U.S.C. § 2244(d)(1). (Dkt. # 13.) Petitioner has filed a response to Respondent's motion and has also filed supplemental authority regarding this issue. (Dkt. ## 16 and 17.) For the reasons stated below, the Court denies Respondent's motion to dismiss and orders Respondent to file an answer addressing the merits of Petitioner's petition within thirty (30) days of the Court's order.

## I. BACKGROUND

Petitioner was convicted of the above-stated charges by a Saginaw County, Michigan, Circuit Court jury on April 2, 2002, and was sentenced on May 8, 2002, to (1) life imprisonment without the possibility of parole for the first-degree-murder and conspiracy-to-commit-first-degree-murder convictions, (2) four-to-seven-years imprisonment for the carrying-a-concealed-weapon conviction, and, (3) the mandatory two years imprisonment for the felony-firearm conviction. From the pleadings submitted by Petitioner, it appears that, for reasons not readily apparent to this Court, an appeal as of right was not filed on Petitioner's behalf; according to Petitioner's position, an appeal as of right was not filed because appellate counsel failed to do so. Rather, a request for appointed counsel was made on October 25, 2002, and, on March 27, 2003, counsel subsequently filed a motion for a new trial, which was denied on June 9, 2003. *People v. Curry*, No. 01-019850-FC (Saginaw County Circuit Court, June 9, 2003).

Following, on March 8, 2004, Petitioner filed a motion for relief from judgment, pursuant to M.C.R. 6.500 *et. seq.*, with the trial court, which was denied. *People v. Curry*, No. 01-019850-FC (Saginaw County Circuit Court, Mar. 23, 2004). Subsequently, Petitioner filed a

delayed application for leave to appeal from that decision with the Michigan Court of Appeals. On December 16, 2004, the court of appeals denied the delayed application but stated that the denial was without prejudice to Petitioner's right to file a motion for relief from judgment. *People v. Curry*, No. 256030 (Mich.Ct.App. Dec, 16, 2004).

On February 14, 2005, Petitioner filed a second motion for relief from judgment with the trial court. That motion was denied on April 20, 2005. *People v. Curry*, No. 01-019850-FC (Saginaw County Circuit Court, Apr. 20, 2005). Petitioner then filed a delayed application for leave to appeal from that decision with the Michigan Court of Appeals, which was denied on March 9, 2006. *People v. Curry*, No. 264907 (Mich.Ct.App. Mar. 9, 2006). Petitioner filed her application for leave to appeal from the court of appeals' decision with the Michigan Supreme Court, which was denied on October 31, 2006, "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). *People v. Curry*, 477 Mich. 907, 722 N.W.2d 815 (2006).

Petitioner subsequently filed a petition for writ of habeas corpus, docketed by the Clerk of this Court, on November 1, 2007. Petitioner has submitted documentation, dated October 26, 2007, as the date that she gave the prison officials her petition to be mailed to the Court.

## II. STANDARD

In her motion to dismiss, Respondent argues that Petitioner's petition should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act"), applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus

petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas-corpus relief was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas-corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. §§ 2244(d)(1)(A)-(D). Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of


judgment." S. Ct. R. 13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending tolls any period of limitation contained in the statute. A petition for post-conviction relief is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is only effective when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

### III.  DISCUSSION

Respondent's motion to dismiss must be denied. As an initial matter, the Court notes that in arguing that Petitioner's application is untimely, Respondent has used November 1, 2007, as the date that Petitioner filed her habeas petition with this Court. While it is true that the petition was actually received by the Clerk of this Court on November 1, 2007, that is not the actual date that the habeas petition would be deemed filed for purposes of the one-year limitations period contained within the AEDPA.

Under the prison mailbox rule, a federal-habeas petition is filed when the prisoner gives

his or her petition to prison officials for mailing to the federal courts. *Brand v. Motley*, 526 F.3d 921 (6th Cir. 2008); *See also Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999); *United States ex. rel. Drain v. Washington*, 52 F.Supp.2d 856, 860 (N.D. Ill. 1999); *Beckovich v. Coyle*, 22 F.Supp.2d 722, 724 (N.D. Ohio 1998). The liberal application of the mailbox rule causes a federal court to treat a habeas petition as placed in the hands of prison authorities on the same day that the petition was signed. *Marsh v. Soares*, 223 F.3d 1217, 1218, fn. 1 (10th Cir. 2000). Here, the Respondent's focus on the Court's date stamp overlooks the "prison mailbox rule." Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint. *See*, *e.g.*, *Goins v. Saunders*, 206 Fed.Appx. 497, 498 n. 1 (6th Cir. 2006) (*per curiam*) ("[W]e treat the petition as filed on the date [the prisoner] signed it."); *Bomer v. Bass*, 76 Fed.Appx. 62, 63 (6th Cir. 2003); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

With that in mind, and in computing the applicable time period, the Court here finds that Petitioner's petition was timely filed. Although it appears at first blush that Petitioner's direct appeal in the Michigan appellate courts is complex, she nevertheless did file two post-conviction motions with the trial court, which were both denied: (1) a motion for a new trial, dated June 9, 2003, and (2) a motion for relief from judgment, dated March 23, 2004. Subsequently, Petitioner's application for leave to appeal the March 23, 2004, denial of her motion for relief from judgment, was denied by the court of appeals on December 16, 2004. However, in its order, the court of appeals stated that Petitioner would not be prejudiced from filing a motion for relief from judgment under M.C.R. 6.500 in the Saginaw County Circuit Court. Petitioner did not appeal that order to the Michigan Supreme Court.

Rather, Petitioner filed a second motion for relief from judgment with the trial court on February 14, 2005.  Following the trial court's denial of that motion, dated April 20, 2005, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied on March 9, 2006.  Petitioner's subsequent application for leave to appeal from the court of appeals' decision was denied by the Michigan Supreme Court on October 31, 2006. *People v. Curry*, 477 Mich. 907, 722 N.W.2d 815 (2006).  At that point, Petitioner had until October 31, 2007, in which to file her habeas petition.  *See* 28 U.S.C. §§ 2244(d)(1)(A)-(D); *see also Lawrence v. Florida*, 127 S.Ct. 1079, 1084 (2007) ([Petitioner] is not entitled to an additional ninety days to her time line after post-conviction review).

To support her position that her petition is timely, Petitioner has submitted the necessary evidence indicating that she gave her petition to prison officials on October 26, 2007, for mailing.  Thus, Petitioner's signing date–October 26, 2007– is five days before the expiration of the limitations period.  Respondent's untimeliness argument is thus defeated.

Against that backdrop, and, absent evidence to the contrary, this Court will assume that Petitioner gave her habeas petition to prison officials on the date she signed it over to the prison officials, for the purposes of the AEDPA's one-year limitations period.  *Hudson v. Martin*, 68 F.Supp.2d 798, 800, fn. 2 (E.D.Mich. 1999); *See also Rhodes v. Senkowski*, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000); *Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999); *Torres v. Irvin*, 33 F.Supp.2d 257, 270 (S.D.N.Y. 1998).  Because Respondent has offered no evidence to the contrary, and, because the documentation submitted by Petitioner speaks for itself, this Court finds that the habeas petition was filed, for purposes of 28 U.S.C. § 2244(d)(1), on October 26, 2007, and is therefore deemed timely filed.

Therefore, the Court denies Respondent's motion to dismiss and orders Respondent to file an answer that responds to the merits of Petitioner's habeas claims. This Court has the discretion under the rules governing responses in habeas-corpus cases to set a deadline for a response to petitioner's habeas petition. *Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D.Ill. 1996); 28 U.S.C. § 2243. Accordingly, the Court will order Respondent to file an answer within thirty (30) days of the Court's order.

## IV. ORDER

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss Petitioner's petition for writ of habeas corpus is **DENIED**. (Dkt. # 13.)

**IT IS FURTHER ORDERED** that Respondent shall file an answer addressing the merits of Petitioner's habeas-corpus petition within thirty (30) days of the Court's order.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 8, 2009.

S/Denise Goodine
Case Manager