UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN JULETTE CURRY,

                    Petitioner,

v.                                    Case Number: 07-CV-14695
                                    Honorable Paul D. Borman

CLARICE STOVALL,

                    Respondent.
_____/

**OPINION AND ORDER
(1) CONDITIONALLY GRANTING IN PART PETITION FOR WRIT OF
HABEAS CORPUS FOR PURPOSE OF SECURING PETITIONER AN APPEAL
OF RIGHT IN THE MICHIGAN COURT OF APPEALS AND (2) DENYING
MOTION FOR EVIDENTIARY HEARING AS MOOT**

Petitioner Carolyn Julette Curry, currently confined at the Robert Scott Correctional

Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  In her *pro se* application, Petitioner challenges her convictions for (1) first-

degree murder, MICH. COMP. LAWS § 750.316, (2) conspiracy to commit murder, MICH.

COMP. LAWS § 750.316, (3) carrying a concealed weapon, MICH. COMP. LAWS § 750.227,

and, (4) felony firearm, MICH. COMP. LAWS §750.227BA.  (Dkt. # 1.)  In her pleadings,

Petitioner alleges (1) trial counsel was ineffective for failing to investigate, to object at

critical stages of the proceedings, and to call known alibi witnesses and, (2) all three

appellate attorneys were ineffective for failing to perfect her first right of appeal.

Respondent argues that Petitioner's claims are unexhausted and, because Petitioner no longer

has a State procedure available to her to properly exhaust those claims, those claims are considered procedurally defaulted.

For the reasons stated below, the Court finds that Petitioner was deprived of her constitutional right to effective assistance of appellate counsel because of failure to timely request an appeal of right in the Michigan Court of Appeals and, therefore, the Court **CONDITIONALLY GRANTS IN PART** Petitioner's application for writ of habeas corpus for the purpose of securing Petitioner an appeal of right in the Michigan Court of Appeals.

## I. BACKGROUND

This case arises as a result of an incident that took place on February 19, 2001. Members from various motorcycle clubs in the Saginaw area attended the funeral of a fellow biker. Following the service, the bikers, including Petitioner and her son, Elmer Curry, and Petitioner's co-defendant in this case, Dawn Barham, met at the Soul Survivor Clubhouse. While at the Clubhouse, a verbal argument ensued between Howard Phillip Reedy ("Uncle Mickey") and Petitioner's son, where Mr. Reedy stabbed Petitioner's son in the face with a knife. Petitioner's son survived the incident but was hospitalized. It was the prosecution's theory that Petitioner killed Mr. Reedy because of what he did to her son.

On April 2, 2002, following a five-day jury trial in the Saginaw County Circuit Court, Petitioner was convicted of the above-stated charges. On May 8, 2002, she was sentenced to (1) life imprisonment for the first-degree-murder and conspiracy-to-commit-murder convictions, (2) four- to seven-years imprisonment for the concealed-weapon conviction and,

(3) the mandatory two-years imprisonment for the felony-firearm conviction.

According to Petitioner's amended petition, after she was sentenced, her defense counsel, George C. Bush, was given the necessary papers regarding her appellate rights ("I have handed to your attorney the Notice of Right to Timely Appeal and Request for the Appointment of an Attorney." Sentencing Hr'g Tr. p. 6, May 8, 2002.). However, Petitioner neither saw nor heard from him again. Mr. Bush never submitted the necessary appellate forms, or briefs, to the Michigan Court of Appeals. According to the Saginaw County Circuit Court docket sheet, it appears that Mr. Bush remained counsel of record until he was replaced by court-appointed counsel, Arthur J. Rubiner.

Because Petitioner did not hear from Mr. Bush, on April 18, 2002, Attorney Lisa M. Barksdale-Shaw was contacted regarding an appeal for Petitioner. On May 4, 2002, a retainer fee was paid. However, Ms. Barksdale-Shaw never perfected Petitioner's appeal either. Attached to her petition, Petitioner has submitted a document regarding a "Chronology of Client Contact" from Ms. Barksdale-Shaw's office, listing the "tasks" performed. Nowhere in that list does it state that a notice of appeal or a brief was ever filed with the Michigan Court of Appeals. Also, in a letter dated December 9, 2002, Ms. Barksdale-Shaw admits to being retained ("I am writing to you regarding appealing the conviction . . . "), which confirms Petitioner's position. Ms. Barksdale-Shaw also confirmed

in a letter addressed to Petitioner that she had received a retainer fee in the amount of $1500.00. No portion of that fee was returned to Petitioner.

3

Having no success with Ms. Barksdale-Shaw, on October 25, 2002, Petitioner then requested appellate counsel from the trial court and, on November 5, 2002, Mr. Rubiner was appointed as appellate counsel, replacing George C. Bush. However, a direct appeal of right was not filed on Petitioner's behalf. Rather, on March 27, 2003, approximately five months later, Mr. Rubiner filed a motion for a new trial, arguing, among other things, that trial counsel was ineffective. The trial court denied the motion on June 2, 2003, and an order to that effect was entered on June 9, 2003. *People v. Curry*, No. 01-019850-FC (Saginaw County Circuit Court, June 9, 2003).

Then, on March 8, 2004, Mr. Rubiner filed a motion for relief from judgment pursuant to M.C.R. 6.500 *et. seq.* The trial court denied that motion stating:

> As noted in the staff comments to MCR 6.500, the purpose of the court rule is to provide the exclusive means to challenge criminal convictions where the defendant has had an appeal by right or leave, has unsuccessfully sought leave to appeal, or is unable to file an application for leave to appeal because the applicable time limits have elapsed. At present, there is some uncertainty as to whether any of these preconditions have been satisfied. Appellate counsel has been appointed and is still representing defendant, transcripts have been provided, and a motion for new trial has been heard and ruled upon. Further, and most importantly, no action has been taken by the Court of Appeals, nor has defendant indicated in her motion or otherwise communicated to this court that she will not be pursuing an appeal. If in fact the appeal has been abandoned, there would appear to be no impediment to the filing of a request for post-appellate relief. However, until these questions have been answered and the matter clarified, either by way of a ruling from the Court of Appeals denying leave, or a statement from defendant that she does not wish to seek and appeal, this court will take no further action. Defendant may re-file her motion at the appropriate time and in accordance with the dictates of this opinion.

*People v. Curry*, No. 01-019850-FC (Saginaw County Circuit Court, Mar. 23, 2004).

Following that decision, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals. On December 16, 2004, the Court of Appeals denied the delayed application but stated that the denial was "without prejudice to [Petitioner's] refiling a motion for relief from judgment in the trial court, as [Petitioner] cannot file a delayed application for leave to appeal from the judgment of sentence or the order denying her motion for new trial. MCR 7.205(F)(4)." *People v. Curry*, No. 256030 (Mich.Ct.App. Dec, 16, 2004).

On February 14, 2005, Mr. Rubiner filed a second motion for relief from judgment, which was denied on April 20, 2005. *People v. Curry*, No. 01-019850-FC (Saginaw County Circuit Court, Apr. 20, 2005). Petitioner thereafter filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied on March 9, 2006. *People v. Curry*, No. 264907 (Mich.Ct.App. Mar. 9, 2006). She subsequently filed her application for leave to appeal with the Michigan Supreme Court, which was denied on October 31, 2006, "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Curry*, 477 Mich. 907, 722 N.W.2d 815 (2006).

On November 1, 2007, Petitioner filed the present petition for writ of habeas corpus. The case was subsequently held in abeyance, in order to allow Petitioner to return to state court to determine if there were any possible state-court remedies available to her. Concluding that the state courts were not able to provide her with a remedy, Petitioner returned to this Court, requesting that her case be reopened. (Dkt. # 21.) The Court granted Petitioner's request, reopening her case on March 10, 2008, and ordered Respondent to

5

respond to her habeas petition.  (Dkt. # 9.)

In lieu of filing an answer, on September 8, 2008, Respondent filed a motion to dismiss, contending that the petition should be dismissed because it was not filed within the applicable statute of limitations under 28 U.S.C. § 2244.  (Dkt. # 13.)  On January 8, 2009, this Court denied Respondent's motion to dismiss and ordered Respondent to file an answer, addressing the merits of Petitioner's habeas petition.  (Dkt. # 18.)  On February 9, 2009, Respondent filed her answer.  (Dkt. # 19.)

Petitioner seeks the issuance of a writ of habeas corpus, raising the following:

I.      Petitioner was deprived of the effective assistance of defense and appellate counsel when each failed to secure her appeal as of right and failed to file timely leave to appeal to the Michigan Court of Appeals, which resulted in the procedural default in this case.[1]

II.     Petitioner was deprived of the effective assistance of counsel when defendant counsel failed to investigate the propriety of the alleged four-way telephone call and appellate counsel failed to litigate this claim on appeal and caused this claim to be procedurally defaulted.

III.    Petitioner was deprived of the effective assistance of counsel when defense counsel failed to object [to] her absence during critical phases

        of the trial process and appellate counsel caused a procedural default of this claim by failing to raise it on appeal.

IV.     Petitioner was deprived of the effective assistance of defense counsel when counsel failed to call known and available alibi witnesses.

In this case, the Court has no record of an appeal on the merits being entertained by

_____

[1]For the purpose of judicial clarity and economy, the Court chooses to address Petitioner's first claim only–the claim in which the Court is granting habeas relief.

6

the state courts.  Leave to file a delayed appeal was denied, according to the orders in the record before this Court, and there has never been any reasoned decision issued by a Michigan appellate court on any of Petitioner's appellate issues, including her claim of ineffective assistance of appellate counsel.

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When, as here, no state court has evaluated a habeas petitioner's federal claim on the merits, the deference due under § 2254(d) does not apply, and habeas review of the claims

is *de novo*.  *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006).  As the Sixth Circuit has previously explained:

> [The AEDPA] by its own terms is applicable only to habeas claims that were adjudicated on the merits in State court . . . .  Where, [as here,] the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.  Instead, this court reviews

questions of law and mixed questions of law and fact *de novo*.

*Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir.2003) (internal quotation marks and citations omitted); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reasoning that because no state court had reached the prejudice prong of the *Strickland*[2] analysis, the Supreme Court's review of that issue was not circumscribed by a state court's conclusion with respect to that issue).

## III. DISCUSSION

Petitioner contends that she was precluded from obtaining appellate review of any claims that she might have raised on direct appeal due to her appellate attorneys' deficient performances. Defendants in criminal cases possess a constitutional right to effective assistance of counsel in their first appeal of right. *Douglas v. California*, 372 U.S. 353, 356 (1963); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).

Petitioner claims that she did not receive the type of assistance constitutionally required to render the appellate proceedings fair. In short, the promise of *Douglas* that a criminal defendant has a right to counsel on appeal, like the promise of *Gideon*[3] that a criminal defendant has a right to counsel at trial, would be a futile gesture unless it comprehended the right to the effective assistance of counsel.

Under this rubric, the test for claims of ineffective assistance of appellate counsel is

---

[2]*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3]*Gideon v. Wainwright*, 372 U.S. 335 (1963).

8

analyzed under *Strickland* and is comprised of the two components: "A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the [Petitioner]." *Strickland*, 466 U.S. at 687.

## A.  THE PERFORMANCE PRONG

Looking at the this prong, Petitioner's attorneys' failed to file her direct appeal of right.   Petitioner's first appellate attorney did nothing to assist Petitioner. Petitioner's counsel, Mr. Bush, was given the necessary papers by the trial court but he failed to perfect her direct appeal of right by submitting those papers or a brief to the Michigan Court of Appeals.

Petitioner's second appellate attorney, Ms. Barksdale-Shaw, who was retained, also never filed an appeal.

Arthur J. Rubiner, appointed by the trial court as appellate counsel for Petitioner also failed to file an appeal and instead filed a motion for a new trial.  The motion was denied. He then filed a motion for relief from judgment and, in that motion, he failed to raise the issue that Petitioner was deprived of her direct appeal of right.  The motion was denied.  Mr. Rubiner also filed a second motion for relief from judgment, raising the same claims as raised in the former motion.  The motion was denied.  As a result of those errors, the Michigan Court of Appeals dismissed Petitioner's appeal.

"[A]n attorney's failure or refusal to abide by established time deadlines in handling a client's appeal is conduct falling below the minimal standards of competency that federal case law has imposed upon counsel to satisfy constitutional safeguards." *White v. Schotten*,

201 F.3d 743, 752 (6th Cir. 2000), *overruled on other grounds by Lopez v. Wilson*, 426 F.3d

339 (6th Cir. 2005), *cert. denied*, 547 U.S. 1099 (2006) (citing *Strickland*, 466 U.S. at 698).

Because Petitioner's attorneys failed to perfect her direct appeal of right, the Court finds that

Petitioner has satisfied the "deficient performance" prong of *Strickland*.

## B.  THE PREJUDICE PRONG

The next question is whether the appellate attorneys' deficient performances

prejudiced Petitioner.  Prejudice is presumed, with no further showing of the merits of the

underlying claims, when violation of the right to counsel renders a proceeding

"presumptively unreliable or entirely nonexistent." *Roe v. Flores-Ortega*, 528 U.S. 470, 484

(2000).  "Put simply, [courts] cannot accord any 'presumption of reliability,' [] to

judicial proceedings that never took place." *Id.*, at 483 (quoting *Smith v. Robbins*, 528 U.S.

259, 286 (2000)).

Petitioner was deprived of a direct appeal from her conviction because her appointed

and retained attorneys failed to file notices of appeal and appellate briefs.  Petitioner did not

even have an appeal by leave of court.  Prejudice is presumed because she was deprived of

an entire proceeding to which she was entitled.  Her attorneys' failures to perfect a direct

appeal is a *per se* violation of the Sixth Amendment right to effective assistance of appellate

counsel, regardless of the probability of success on appeal.  *White v. Schotten*, 201 F.3d at

752 (citing *Rodriquez v. United States*, 395 U.S. 327, 330 (1969)); *Ludwig v. United States*,

162 F.3d 456, 459 (6th Cir.1998).

No Michigan state appellate court offered a reasoned judgment on the merits of her

10

claim and, therefore, the Court concludes that the Court of Appeals' denial of relief is manifestly contrary to the Supreme Court's holding in *Evitts*. *See Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000) (holding that in the absence of a reasoned state-court decision, federal courts nevertheless conduct a deferential review of the possible rationales for the result).

Against that backdrop, the Court finds that the failure of Petitioner's appellate attorneys to perfect her direct appeal of right constituted deficient performance and, prejudice is presumed because the attorneys' omissions deprived Petitioner of a proceeding to which she was entitled. Thus, Petitioner was deprived of her Sixth Amendment right to the effective assistance of counsel on appeal, and she is entitled to habeas relief.

## C. REMEDY

The Court now must determine the proper remedy. The Court has "broad discretion in conditioning a judgment granting habeas corpus relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987), and may dispose of habeas cases "as law and justice require." 28 U.S.C. ¶ 8. The Supreme Court has affirmed the issuance of a conditional writ of habeas corpus that required a state court to grant the petitioner a new appeal of right where the petitioner received ineffective assistance of appellate counsel on direct review. *Evitts*, 469 U.S. at 396. *See also Keyes v. Renico*, No. 05-71160, 2005 WL 2173212, 4 (E.D. Mich. Sept. 2, 2005) (Tarnow, J.) (holding that the appropriate remedy for a petitioner who was improperly denied counsel on first appeal was to issue a writ "conditioned upon the State of Michigan appointing counsel for the petitioner to prepare an application for leave to appeal and

11

accepting said appeal for filing thereafter"); *Benoit v. Bock*, 237 F.Supp.2d 804, 812 (E.D. Mich. 2003) (Lawson, J.) (conditionally granting writ based on ineffective assistance of appellate counsel and ordering that writ will be granted unless the "Michigan Court of Appeals reinstates the petitioner's appeal of right and appoints counsel").

The Court concludes that the appropriate remedy in this case is to conditionally grant a writ of habeas corpus. Within ninety (90) days from the date of this order, the State of Michigan shall appoint counsel for Petitioner. Petitioner, through appointed counsel, shall be permitted to file an application for leave to appeal in the Michigan Court of Appeals. If counsel is not appointed or if the Michigan Court of Appeals does not accept the application for filing, Petitioner should seek further relief in this Court.

Based on those determinations and on the likelihood that the remaining claims presented by Petitioner will be presented to the state appellate court in Petitioner's new appeal, the Court will not address Petitioner's remaining claims for habeas corpus relief.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **CONDITIONALLY GRANTED IN PART** on Petitioner's constitutional right to the assistance of counsel on her direct appeal.

**IT IS FURTHER ORDERED** that the Michigan Court of Appeals shall, within

ninety (90) days, reinstate Petitioner's appeal and undertake the appointment of counsel to represent Petitioner in her pursuit of that appeal.

**IT IS FURTHER ORDERED** that if Petitioner's appeal is not reinstated within ninety (90) days to the active docket of the Michigan Court of Appeals, Petitioner should advise this Court, and the Court will provide further relief as law and justice requires.

**IT IS FURTHER ORDERED** that as a result of this Court's decision, Petitioner's "Motion for Evidentiary Hearing" [dkt. # 20] is **DENIED** as moot.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 18, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 18, 2009.

S/Denise Goodine
Case Manager

13