## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CAROLYN JULETTE CURRY,

                 Petitioner,               CASE NO. 07-CV-14695

v.                                     JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

                 Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND/OR MOTION FOR RELIEF FROM JUDGMENT

## I. INTRODUCTION

Pending before the Court is Petitioner's motion for reconsideration and/or for relief from judgment, filed on June 18, 2009. On May 18, 2009, the Court conditionally granted Petitioner's petition for habeas relief, finding that "Petitioner was deprived of her constitutional right to effective assistance of appellate counsel because of failure to timely request an appeal of right in the Michigan Court of Appeals." *See* Opinion and Order dated May 18, 2009 [dkt. # 23]. As a result, the Court did not address Petitioner's remaining claims. Petitioner is now requesting that the Court address her remaining claims on the grounds that she is actually innocent and because her fourth habeas claim, failure of defense counsel to investigate and present two alibi witnesses, was not procedurally defaulted. For the reasons stated below, the motion is **DENIED**.

## II. ANALYSIS

First, it is difficult to understand why Petitioner filed this motion, as the Court's decision is favorable to her. Nevertheless, to the extent that Petitioner seeks reconsideration of the Court's decision, her motion must be denied. A motion for reconsideration must be filed within ten days after entry of the Court's judgment or order. *See* E.D.Mich. LR 7.1(g)(1). Petitioner's proof of service for her motion is dated June 15, 2009–twenty-eight days after the Court's judgment. Her motion for reconsideration is therefore untimely and may be denied on this ground.

Second, Petitioner's motion fails to satisfy the requirements for reconsideration. She has not shown a palpable defect by which the Court has been misled or shown that a different disposition must result from a correction thereof, as required by E.D.Mich. LR 7.1(g) (3).

Finally, even if the motion was considered to have been brought within a reasonable time under Rule 60(b), Petitioner is not entitled to relief. Under Rule 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief

2

from the operation of the judgment.

Fed.R.Civ.P. 60(b).  Petitioner has made no such showing.

On July 23, 2009, the Attorney General's office informed the Court, by letter, that the "Michigan Court of Appeals has taken measures to open Petitioner's appeal of right and to direct the Saginaw County Circuit Court to appoint appellate counsel for Petitioner."  *See* Status Report, dated July 23, 2009 [dkt. # 29].  As a result, the Court concludes that Petitioner's remaining claims can be raised by her appointed counsel in her reinstated appeal. The Court therefore adheres to its decision in its Opinion and Order.  Furthermore, Petitioner is not precluded from raising those claims in a future habeas petition.

## III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Reconsideration" [dkt. # 27] is **DENIED**.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 8, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 8, 2009.


S/Denise Goodine
Case Manager